**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Brandon Dupree James, | ) | |
| Movant, | ) | Cr. No. : 0:11-cr-2327-MBS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| Respondent. | ) | |
| _____ | ) | |

Movant Brandon Dupree James ("Movant"), proceeding *pro se*, seeks to vacate, set aside,

or correct his sentence pursuant to 28 U.S.C. § 2255.

## I.     PROCEDURAL BACKGROUND

Movant was the sole defendant named in a one-count indictment issued on December 6,

2011. ECF No. 1. Movant was charged with knowingly possessing a firearm after having been

convicted of a crime punishable by imprisonment for more than one year. *Id.* On March 29, 2012,

Movant entered a plea of guilty pursuant to a written plea agreement. ECF Nos. 34, 36. Prior to

sentencing, a presentence investigation report ("PSR") was prepared in which Movant was

designated as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18

U.S.C. § 924(e). ECF No. 46. The PSR indicated that Movant had seven qualifying predicate

South Carolina convictions under the ACCA:  Second Degree Burglary (2003); Assault and

Battery of a High and Aggravated Nature ("ABHAN") (2003); Throwing Bodily Fluids on

Correctional Facility Employee (2003); ABHAN (2006); Resisting Arrest with a Deadly Weapon

(2006); Criminal Domestic Violence of a High and Aggravated Nature ("CDVHAN") (2006); and

Possession with Intent to Distribute Cocaine Base ("PWID") (2007). ECF No. 46. Movant did

not file objections to the PSR. ECF No. 46-2. On July 24, 2012, Movant was sentenced to 180

1

months of incarceration followed by five years of supervised release.  ECF No. 49.  Movant did not file an appeal.

Movant filed a § 2255 motion on March 17, 2014.  ECF No. 53.  On March 31, 2014, the Government filed a motion to dismiss.  ECF No. 56.  The Government also filed a motion for summary judgment.  ECF No. 57.  That same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Movant of the summary judgment procedures and the possible consequences if he failed to respond adequately.  ECF No. 58.  On April 28, 2014, Movant filed a *pro se* response to the Government's motions.  ECF No. 60.

On September 14, 2015, Movant moved to amend his § 2255 motion to add a claim in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  ECF No. 62.  On December 14, 2015, Movant filed a second memorandum in support of his amended motion.  ECF No. 63. On July 11, 2016, Movant filed a motion requesting that the court appoint counsel. ECF No. 66. The Government filed a motion to dismiss the amended petition on July 25, 2016.  ECF No. 67. Pursuant to *Roseboro,* 528 F.2d 309, the court issued a second order advising Movant of the possible consequences if he failed to respond adequately. On August 15, 2016, the court granted Movant's motion to appoint counsel and on October 26, 2016, counsel filed a response to the Government's motion to dismiss petition. ECF No. 80. At the request of the court, the Government filed limited briefing on whether Movant's prior conviction for Second Degree Burglary should be counted as a predicate offense under *United States v. McLeod*, 808 F.3d 972 (2015), and subsequent binding precedent, to which Movant filed a reply. ECF No. 82, 83.

## II.     DISCUSSION

### A.  Timeliness of Initial § 2255 Motion

In Movant's initial § 2255 motion, he raised the following grounds: (1) ineffective assistance of counsel, and (2) erroneous application of ACCA enhancements pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013). The Government contends that Movant's initial § 2255 motion is time-barred.  ECF No. 56.  The court agrees.

A defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

The court entered judgment in Movant's case on July 25, 2012.  Pursuant to Fed. R. App. P. 4(b)(1), Movant had fourteen days to file a notice of appeal, but he did not do so.  Therefore, his time to file an appeal expired on or about August 8, 2012.  A judgment of conviction becomes final when the time for seeking review expires.  *Clay v. United States*, 537 U.S. 522, 525 (2003). Thus, Movant's judgment became final on August 8, 2012.  Given that Movant did not file his § 2255 motion until March 17, 2014, well over a year later, Movant's motion is untimely under 28 U.S.C. § 2255(f)(1).

As for the remaining subsections of § 2255(f), Movant is unable to demonstrate that one of the grounds filed in his initial motion warrants a later filing deadline. There is no evidence that

Movant was prevented from filing a § 2255 motion because of governmental interference. *See* 28 U.S.C. § 2255(f)(2). Furthermore, Movant fails to identify a newly created right made retroactively applicable on collateral review. *See* 28 U.S.C. § 2255(f)(3). Although Movant asserts that *Descamps v. United States*, 133 S. Ct. 2276 (2013), created such a right, *Descamps* has not been declared retroactively applicable on collateral review. Finally, Movant offers no evidence of newly discovered facts warranting a later filing deadline. *See* 28 U.S.C. § 2255(f)(4). Therefore, the claims raised in Movant's initial § 2255 motion are time-barred.

### B.  Amended § 2255 Motion Pursuant to *Johnson*

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that sentencing enhancements under the residual clause of the ACCA violated the Constitution's due process guarantee. Under the ACCA, a defendant convicted of knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g), who has three previous convictions for a "a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to enhanced penalties. *See* 18 U.S.C. § 924(e)(1). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court clarified that *Johnson* had in fact announced a substantive rule that would apply retroactively on collateral review. Therefore, under 28 U.S.C. § 2255(f)(3), Movant's amended § 2255 motion is not time-barred: the *Johnson* court recognized a new right on June 26, 2015, and  Movant's September 14, 2015, amended filing was well within § 2255(f)(3)'s  one-year filing deadline.

Movant argues that six out of his seven prior convictions were improperly deemed violent offenses and used as the basis for ACCA enhancements. ECF Nos. 62 and 63. The convictions he challenges are (1) Second Degree Burglary; (2) ABHAN; (3) Throwing Bodily Fluids on Correctional Facility Employee; (4) ABHAN; (5) Resisting Arrest with a Deadly Weapon; and (6)

Criminal Domestic Violence of a High and Aggravated Nature ("CDVHAN"). *Id.* Movant appears to launch no challenge against his seventh conviction for PWID serving as a predicate offense.

In its motion to dismiss the amended §2255 motion, the Government argues that at least three more of Movant's prior convictions, in addition to PWID, were properly regarded as violent offenses under the ACCA: (1) CDVHAN; (2) Throwing Bodily Fluids on Correctional Facility Employee; and (3) Resisting Arrest with a Deadly Weapon. ECF No. 67. Movant disputes Government's claims in his reply, asserting that none of the offenses in question falls under the enumerated offense clause. ECF No. 80 at 3.

As discussed above, the parties do not dispute that Movant's prior conviction for PWID constitutes an ACCA predicate offense and that ABHAN no longer qualifies as a predicate offense under the ACCA. Similarly, the Government concedes that Burglary in the Second Degree no longer qualifies as a crime of violence under the holdings in *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). ECF No. 82 at 2. Therefore, the court is left only to consider whether Movant's prior convictions for (1) CDVHAN; (2) Throwing Bodily Fluids on Correctional Facility Employee; and (3) Resisting Arrest with a Deadly Weapon, are ACCA predicate offenses.

In South Carolina, the offense of resisting arrest with a deadly weapon is a felony punishable by at least two years imprisonment. S.C. Code Ann. § 16-3-625. In order to be convicted for resisting arrest with a deadly weapon, a defendant must be found to have (1) resisted lawful efforts of law enforcement to make an arrest with (2) the use or threat of use of a deadly weapon against law enforcement, and (3) must have possessed or claim to have possessed a deadly weapon. *See id. See also United States v. Simmons*, 437 F. App'x 215 (4th Cir. July 5, 2011). Resisting arrest with a deadly weapon requires the use, attempted use, or threatened use of physical

force against the person of another. As such, when applying the categorical approach to Movant's prior conviction for resisting arrest with a deadly weapon, this court finds that that conviction qualifies as a violent felony under the ACCA.[1]

The Fourth Circuit has determined that CDVHAN is categorically a crime of violence. *United States v. Chisolm*, 579 F. App'x. 187, 188. (4th Cir. 2014)("[B]ecause an 'offer' to cause physical harm constitutes the threatened use of physical harm, the CDV statute falls entirely within the force clause. Because CDVHAN requires the commission of CDV, it necessarily follows that CDVHAN, as it was then defined, is categorically a crime of violence."). [1] As a result, Movant's prior conviction for CDVHAN also qualifies as a predicate offense under the ACCA. The court's position on Movant's Throwing Bodily Fluids on Correctional Facility Employee conviction has no effect on Movant's sentence if, as this court finds, at least three of Movant's seven prior state convictions qualify as violent felonies or serious drug offenses under the enumerated portions of 18 U.S.C. § 924(e)(1)-(2).

## III.    CONCLUSION

For these reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 53, is **DENIED AND DISMISSED WITH PREJUDICE**. Movant's *Pro Se* Motion to Amend § 2255 Petition, ECF No. 62, is **GRANTED**. The Government's motion to dismiss, ECF 56, motion for summary judgment, ECF No. 57, and motion to dismiss amended § 2255 Petition, ECF No. 67, are **GRANTED**.

---

[1] Sentencing courts are to apply the categorical approach when the crime of which defendant was convicted is a single, indivisible set of elements. *Descamps v. United States*, 133 S. Ct. 2276, 2296 (2013).

[1] The Fourth Circuit's decision in *Chisolm* is currently under review in *United States v. Hilton*, No. 16-4541 (4th Cir. filed August 30, 2016). Thus, the court has issued a certificate of appealability.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court recognizes that the Fourth Circuit's forthcoming ruling in *United States v. Hilton* will potentially provide Movant a claim concerning his prior conviction for CDVHAN. Accordingly, the court **GRANTS** a certificate of appealability.


**IT IS SO ORDERED.**



/s/ **Margaret B. Seymour**
Margaret B. Seymour
Senior United States Judge


Columbia, South Carolina
March 30, 2017